## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NIKITA STERKH et al.,

      Plaintiffs,

v.                              Case No. 8:26-cv-1656-KKM-SPF

JOSEPH B. EDLOW et al.,

      Defendants.

_____

## <u>ORDER</u>

On August 3, 2020, plaintiff Nikita Sterkh submitted her Form I-485 petition for a status adjustment. Compl. (Doc. 1) ¶ 9. The plaintiffs now sue and assert an Administrative Procedure Act claim that asks me to compel "Defendants to promptly adjudicate Plaintiff's I-485." *Id.* ¶ 18. Sterkh's Form I-485 petition "was originally closed but was later reopened by USCIS." *See id.* ¶ 9. Sterkh's complaint does not identify the date of closure or reopening and states that the "petition has remained pending well beyond normal processing times published by USCIS." *Id.* ¶ 10.

The complaint also lists Renat Saifullin as a plaintiff, but it is unclear if Saifullin filed a Form I-485 petition at the same time as Sterkh or if Saifullin's inclusion in the suit is in error. *See id.* ¶ 4 (describing Saifullin as residing with Sterkh and both plaintiffs as having "filed Form I-485" on August 3, 2020); *but*

*see id.* ¶¶ 13, 18 (indicating there is only a single plaintiff); *id.* at 6 (doing the same in the Prayer for Relief). The plaintiffs' response to the order to show cause indicates that both plaintiffs filed Form I-485 petitions. Resp. (Doc. 6) at 4 ("Plaintiffs seek only adjudication of their Diversity Visa-based Form I-485 *applications*[.]" (emphasis added)). Thus, I move forward with the assumption that both plaintiffs simultaneously filed petitions.

In the light of the jurisdiction stripping effect of 8 U.S.C. § 1252(a)(2)(B)(ii), I ordered the plaintiffs to show cause why their action should not be dismissed for lack of subject matter jurisdiction. *See* Order (Doc. 5). They timely respond. *See* Resp. (Doc. 6).

A person who has suffered a legal wrong because of agency action may generally seek judicial review under the APA. *See* 5 U.S.C. § 702. The APA defines "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act[.]" 5 U.S.C. § 551(13). "Although the APA independently does not confer subject-matter jurisdiction, 28 U.S.C. § 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiction." *Perez v. USCIS*, 774 F.3d 960, 965 (11th Cir. 2014) (per curiam). But APA review does not apply when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). The question here is whether

2

judicial review of the pace of adjudication of the plaintiffs' Form I-485 petitions is precluded.

Title 8, United States Code, Section 1252(a)(2)(B)(ii) strips "jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title."

Section 1255(a) provides that "[t]he status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if [the alien meets enumerated requirements]."[1] "In other words, § 1255(a) gives the Department of Homeland Security and USCIS broad discretion to determine and implement the adjudicative process for Form I-485

---

[1] Although portions of the Immigration and Nationality Act, such as 8 U.S.C. § 1255(a) and 8 U.S.C. § 1154(a)(1)(A)(iii)(I), (a)(1)(J), (b) mention the Attorney General rather than the Secretary for Homeland Security, these references "are deemed to be references to the DHS and USCIS" because "Congress has transferred the adjudications of the former Immigration and Naturalization Service to the Secretary of Homeland Security and his delegate at the USCIS." *Kanapuram*, 131 F.4th at 1307 n.3 (citation modified).

applications, within the bounds set by statute." *Kanapuram v. Dir., USCIS*, 131 F.4th 1302, 1307 (11th Cir. 2025).

Section 1255(a)'s grant of discretion extends even to "actions taken in the course of the decision-making process—including the pace at which that process is undertaken." *Id.* Thus, § 1252(a)(2)(B)(ii) "precludes jurisdiction over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications." *Id.* at 1306; *see also Eldeeb v. Chertoff*, 619 F. Supp. 2d 1190, 1214 (M.D. Fla. 2007) (concluding § 1252(a)(2)(B)(ii) barred judicial review of the pace at which USCIS processes a Form I-485 petition); *Shojaeighadikolaei v. Dir., USCIS*, No. 6:25-CV-1535-JSS-DCI, 2026 WL 1529402, at *3 (M.D. Fla. June 1, 2026) (same). The plaintiffs' action, which seeks to compel the defendants to "promptly adjudicate" their Form I-485 petitions, *see* Compl. ¶ 18; Resp. at 4, intrudes upon USCIS's discretion regarding the pace of adjudication. Thus, I lack subject matter jurisdiction over the plaintiffs' claims.

The plaintiffs' response to the order to show cause provides no reason to doubt this conclusion. The plaintiffs distinguish their action from *Kanapuram* because there "the challenged delay arose from visa retrogression and annual visa-number limitations." Resp. at 2. Here, the concern is a "Diversity Visa" adjustment application. *Id.* The plaintiffs claim that "Diversity Visa eligibility exists within a defined statutory timeframe and depends upon timely

adjudication." *Id.* at 3. But they do not expound further and fail to identify any statutorily mandated time frame by which USCIS must adjudicate Form I-485s in this context. Further, they admit that § 1255(a) provides the relevant grant of discretion to USCIS. *See id.* at 4. *Kanapuram*'s construction of the discretion provided by § 1255(a) is broad enough to encompass the factual distinctions here. *See* 131 F.4th at 1307 ("Section 1255(a)'s grant of discretion includes not only the ultimate decision to approve or deny a visa, but also actions taken in the course of the decision-making process—including the pace at which that process is undertaken." (citation modified)). *Kanapuram* is applicable and binding.

Because *Kanapuram* controls, I do not address the plaintiffs' other arguments in detail, which ignore 5 U.S.C. § 701(a), rely on a single out of circuit district court opinion that does not address *Kanapuram*, restate the plaintiffs' sympathetic factual situation, or merely aver that the jurisdiction stripping statute here—and *Kanapuram*—should be construed narrowly enough to allow their claim to continue.

Accordingly, the following is **ORDERED**:

1. This action is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The Clerk is directed to **ENTER JUDGMENT**, which shall read, "This case is dismissed without prejudice."

3. The Clerk is further directed to **TERMINATE** all deadlines, pending motions, and hearings, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 15, 2026.

Kathryn Kimball Mizelle
United States District Judge

6